UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES JERROD SPIKES                                     CIVIL ACTION

VERSUS                                                  NO. 16-2794

RANDY SEAL, ET AL.                                      SECTION "H" (1)

### REPORT AND RECOMMENDATION

Plaintiff, James Jerrod Spikes, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Randy Seal and Kenneth Hendricks. When he filed the complaint, plaintiff neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. The Clerk of Court therefore issued a "Notice of Deficient Filing" advising him that he must either pay the required $400.00 filing fee or submit a pauper application.[1] Plaintiff failed to respond to that notice.

On May 13, 2016, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before June 3, 2016.[2] In response to that Order, plaintiff filed a notice stating that the warden would not provide him with a certified copy of his jail account;[3] however, he still did not file a pauper application as

---

[1] Rec. Doc. 2.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

ordered. In light of plaintiff's allegations, the Court issued an Order directing the warden to provide the certified copy of plaintiff's jail account directly to the Court.[4] However, because plaintiff had never actually filed an application to proceed as a pauper, the Court again ordered him to file such an application on or before July 1, 2016.[5] Plaintiff did not respond to that Order, and no pauper application has ever been filed.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff was on three occasions notified by the Court that he must pay the required filing fee or submit a completed pauper application. He has refused to comply, and, therefore, his complaint should be dismissed for failure to prosecute.

---

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this twenty-fifth day of July, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.