**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JAMES JERROD SPIKES**                                              **CIVIL ACTION**

**VERSUS**                                                                    **NO. 16-2794**

**RANDY SEAL**                                                      **SECTION: "H"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, James Jerrod Spikes, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983 against Washington Parish Sheriff Randy Seal and Concordia Parish Sheriff Kenneth Hendricks.  In this lawsuit, plaintiff alleges that his mother died in March of 2016.  At the time, he was confined in Concordia Parish in Hendricks' custody, and his mother's funeral was to be held in Washington Parish.  He alleges Seal requested that Hendricks deny plaintiff permission to attend the funeral in order to retaliate against him for suing Seal in the past.[1]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The undersigned notes that plaintiff has in fact filed numerous lawsuits in this Court, including two against Seal as noted *infra*.

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984).

---

[3] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

To the extent that plaintiff is contending his rights were violated simply because he was not allowed to attend the funeral, that contention fails on the second prong of the foregoing test. It is beyond cavil that an inmate has no federal statutory or constitutional right to attend a relative's funeral. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); White v. Terrebonne Parish Jail, Civ. Action No. 16-14115, 2016 WL 6471628, at *2 (E.D. La. Nov. 1, 2016); Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-2594, 2015 WL 966149, at *9 (E.D. La. Mar. 4, 2015); Carlisle v. Rayburn Correctional Center, Civ. Action No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007); Smith v. Tanner, Civ. Action No. 06-1413, 2006 WL 2850182, at *2 (E.D. La. Oct. 3, 2006); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121, at *2 (W.D. Ark. May 17, 2006); Renfrow v. Morris, No. Civ. A. 3:01CV09, 2001 WL 34564383, at *2 (E.D. Va. Aug. 15, 2001), aff'd, 26 Fed. App'x 286 (4th Cir. 2002); Mercer v. Green Haven Correctional Facility, No. 94 CIV. 6238, 1998 WL 85734, at *3 (S.D.N.Y. Feb. 27, 1998); Allen v. Senkowski, No. CIVA95CV1499, 1997 WL 570691, at *1 (N.D.N.Y. Sept. 11, 1997); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995); Hipes v. Braxton, 878 F. Supp. 56, 57 (W.D. Va. 1995); Brooks v. Nash, No. 92C243, 1993 WL 266526, at *3 (N.D. Ill. July 15, 1993); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988).

However, as noted, plaintiff also alleges that the denial of his request to attend the funeral was a form of *retaliation* against him for filing his prior lawsuits. Moreover, it is clear that the foregoing analysis does not preclude such a claim – simply because the defendants could legitimately deny plaintiff permission to attend the funeral *absent* a retaliatory motive does not necessarily protect them from his retaliation claim. On the contrary, "[a]n action motivated by

4

retaliation for the exercise of a constitutionally protected right is actionable, *even if the act, when taken for a different reason, might have been legitimate*." Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995) (emphasis added).   Therefore, plaintiff's retaliation claim must be separately considered.

With respect to retaliation claims, the United States Fifth Circuit Court of Appeals has held:

> It is well established that prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts.  To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (citation, internal quotation marks, and ellipsis omitted).

That said, "[t]he prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties," and so retaliation claims must be "regarded with skepticism."  Woods, 60 F.3d at 1166 (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)).  Therefore, in order to prevent inmates from drawing a "shield of retaliation" to insulate themselves from actions with which they simply disagree, "trial courts must carefully scrutinize these claims."  See id.  To that end, courts require that inmates claiming retaliation either (1) produce direct evidence of retaliatory motivation or (2) allege a chronology of events from which retaliation may plausibly be inferred.  Id.

Here, there is no indication that plaintiff has *direct evidence* that the defendants were motivated to deny him permission based on a desire to retaliate against him for exercising his

constitutional rights.  For example, although plaintiff indicates that the decision to deny the request came after Seal intervened, Seal could have opposed plaintiff being transported to his parish for any number of reasons.  Although plaintiff speculates that Seal's opposition stemmed from an impermissible retaliatory motive, there is no suggestion that plaintiff has any evidence that Seal admitted as much or any other direct evidence of the underlying motivation.

Instead, plaintiff's claim is apparently based on his personal subjective belief that Seal was motivated by the fact that he had been sued by plaintiff in the past.  It is true that plaintiff sued Seal on two prior occasions, and, therefore, it is possible that was Seal's motive.  However, the mere fact that it is *possible* to infer a retaliatory motive from a chronology of events does not suffice.  Rather, again, plaintiff's claim is actionable only if it is *plausible* to infer a retaliatory motive based on the sequence of events.  Here, the Court simply cannot say that plaintiff's allegations cross the line from possibility to plausibility for the following reasons.

First, courts have routinely rejected the contention that the mere existence of prior lawsuits against a law enforcement official is in and of itself sufficient to constitute a chronology of events from which one can infer a retaliatory motive for a subsequent adverse action.  See, e.g., Armenta v. Chapman, 371 Fed. App'x 452 (5th Cir. 2010); Norman v. Prince, Civ. Action No. 10-0605, 2011 WL 6369977, at *6 (M.D. La. Nov. 3, 2011), adopted, 2011 WL 6369840 (M.D. La. Dec. 19, 2011); Allen v. Holden, Civ. Action No. 10-753, 2011 WL 4737416, at *6-7 (M.D. La. Aug. 29, 2011), adopted, 2011 WL 4729831 (M.D. La. Oct. 5, 2011); Thunderhorse v. Pierce, 418 F. Supp. 2d 875, 898-99 (E.D. Tex. 2006) ("In this case, Thunderhorse simply alleges that events not to his liking have occurred recently, and concludes that these must have been the result of retaliation. He does not offer a chronology of events from which retaliation may plausibly be

inferred; his contention that his past legal battles with TDCJ-CID have led to the implementation of policies which he considers unfavorable is simply too tenuous to support a claim of retaliation. Inmates cannot bring legal action against TDCJ and then forever after claim that any adverse actions by prison officials were necessarily motivated by retaliatory intent from the prior legal action."), aff'd in part, vacated in part on other grounds, 232 Fed. App'x 425 (5th Cir. 2007).  To hold otherwise would not only be illogical but would also lead to even more abuse of the judicial system, in that it would encourage inmates to file lawsuits as a means to insulate themselves from unpopular but legitimate subsequent measures taken by officials.

Second, in the instant case, there is no evidence that Seal was even aware of the past lawsuits.  Service of the lawsuits was withheld while the Court screened the lawsuits as mandated by federal law.  Moreover, neither of the two suits survived that screening process, and so Seal was never served in either case.  Spikes v. Seal, Civ. Action No. 14-3004, 2015 WL 10487719 (E.D. La. Apr. 21, 2015), adopted, 2016 WL 1031322 (E.D. La. Mar. 14, 2016); Spikes v. Seal, Civ. Action No. 14-2246, 2014 WL 8726340 (E.D. La. Dec. 15, 2014), adopted, 2015 WL 1886556 (E.D. La. Apr. 24, 2015).

Third, *even if* Seal was nevertheless somehow aware of the lawsuits, one cannot reasonably infer that the lawsuits left him in such a fit of pique that he would resort to unlawful retaliation. On the contrary, law enforcement officers are routinely sued by disgruntled citizens who feel that they have been treated unfairly – such lawsuits simply come with the job.  While it is conceivable that a *particular* lawsuit might anger an official, such as if the lawsuit required substantial resources to defend or resulted in liability or public condemnation, that was not the case here.  As noted, plaintiff's lawsuits did not even survive screening, and so no action was required by Seal to

defend against them and there was no judicial finding adverse to him.  Accordingly there is no reason whatsoever to infer that the past lawsuits motivated Seal's action in this case.  Obviously, there is even less reason to infer a retaliatory motive on Hendricks' part, in that he was not even sued in those past lawsuits.

In summary, even if the Court accepts as true plaintiff's allegation that Seal intervened and asked Hendricks to deny plaintiff's request to attend the funeral, such a request could have stemmed from any number of possible motivations.  However, plaintiff's retaliation claim is actionable *only if* Seal and Hendricks were motivated by a desire to punish plaintiff for *exercising a specific constitutional right*.  Here, plaintiff has produced no direct evidence of such a motivation, and a retaliatory motive cannot be inferred merely from the mere fact that plaintiff had sued Seal in the past.  Rather, plaintiff's allegations of a retaliatory motive in this case are wholly speculative and conclusory, and they therefore do not suffice to overcome the screening process mandated by federal law.  See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (dismissing as frivolous conclusory allegations that a prison official's action was taken in retaliation for the prisoner's prior complaints); see also Moore v. Thaler, 436 Fed. App'x 311, 312 (5th Cir. 2011) (holding that a prisoner's "conclusional allegations, based solely on his personal beliefs, were not sufficient to support a valid constitutional claim for ... retaliation"); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *6 (E.D. La. Aug. 25, 2009) (a prisoner cannot transform an unfounded challenge to an otherwise permissible action into a cognizable constitutional claim simply by adding a "barebones allegation" of a retaliatory motive).  Accordingly, plaintiff's retaliation claim fails for that reason alone.

Nevertheless, out of an abundance of caution, the undersigned additionally notes that plaintiff has also failed to request a form of relief to which he would be entitled even if his claims were allowed to proceed.  In his prayer for relief, he requested only that (1) charges be filed against the defendants and (2) he be awarded "monetary damages for pain and suffering."[4]  The first form of relief is clearly improper in a § 1983 action.  Goldston v. Weary, Civ. Action No. 14-1836, 2015 WL 423066, at *6 n.2 (E.D. La. Feb. 2, 2015) (noting that a plaintiff "has no constitutional right to have another person criminally prosecuted"); Ware v. Tanner, Civ. Action No. 12-2250, 2013 WL 5589506, at *10 (E.D. La. Oct. 10, 2013) (rejecting such relief, noting that "it is well settled that private citizens do not have a constitutional right to have an individual criminally prosecuted").  As to plaintiff's request for monetary damages to compensate him for his pain and suffering, federal law expressly bars an inmate from recovering compensatory damages for injuries which are mental or emotional in nature if, as here, he suffered no *physical* injury.  42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see, e.g., Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls:  Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."); Carlisle v. Rayburn Correctional Center, Civ. Action No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16,

---

[4] Rec. Doc. 12, p. 7.

2007) (monetary damages unavailable for purely emotional injuries resulting from an inmate being denied an opportunity to attend his mother's funeral).

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of November, 2016.



**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

10